NEW ENGLAND STEAM AND GAS PIPE COMPANY *vs.* WILLIAM
B. PARKER & another.

It is no defence to a bond to dissolve an attachment, that within thirty days after judg-
ment in the original action the principal took the benefit of the insolvent laws.

ACTION OF CONTRACT on a bond made by Hubbard Blakesley
as principal, and the defendants as sureties, to dissolve an at-
tachment on mesne process. The case was submitted to the
decision of the court upon the following statement of facts:

The due execution and delivery of the bond are admitted.
In the action in which it was given, the plaintiffs recovered
judgment on the 26th of March 1856, upon which execution
issued the day following. That judgment is wholly unsatis-
fied. On the 7th of April 1856 a warrant in insolvency was
issued against Blakesley upon his own petition, the first publi-
cation of notice of which was on the 8th of April. If these
proceedings in insolvency are a good defence to this action,
judgment is to be entered for the defendant; otherwise, for
the plaintiff.

*B. Dean*, for the plaintiff.

*M. G. Cobb*, for the defendants, cited *St.* 1838, *c.* 163, § 7;
*Loring* v. *Eager*, 3 Cush. 188; *Murray* v. *Shearer*, 7 Cush. 333;
*Sampson* v. *Clark*, 2 Cush. 173.

METCALF, J. The plaintiffs are entitled to judgment on this
statement of facts. The condition of the bond, which the de-
fendants executed as sureties, has been broken. Judgment was
recovered against the principal before he applied for a dis-
charge under the insolvent laws, and neither he nor the defend-
ants paid the amount of the judgment within thirty days after
it was rendered. The discharge of the principal from that judg-
ment, and from his obligation on his bond, does not discharge
the defendants from their obligation. It is provided by *St.*
1838, *c.* 163, § 7, that no discharge of any debtor, under that
statute, shall release or discharge any person who may be
liable for the same debt as a surety for the debtor. Judgment

must therefore be entered for the penalty of the bond, and the defendants will be heard in chancery as to the sum for which execution shall issue. If the plaintiffs have proved their judgment against the principal before the commissioner of insolvency, the defendants may probably have the amount of the dividend, which is decreed thereon, deducted from the sum for which they would otherwise be liable. This, however, and other questions, cannot be definitely settled previously to the hearing in chancery.        *Judgment for the plaintiffs.*